COLEMAN *v.* WEGMAN.

Opinion delivered November 15, 1926.

1.  TRUSTS—AGREEMENT TO PURCHASE FOR ANOTHER.—The general rule is that a mere verbal agreement by which one of the parties thereto promises to buy in at judicial sale lands of the other and hold the same for his benefit does not create a resulting or implied trust, the agreement itself being within the statute of frauds, but such rule is subject to the exception that, where the purchaser buys land in which another is interested, under such a state

of facts as would make it a fraud to permit him to hold on to his bargain, a trust will be raised.

2. TRUSTS—SUFFICIENCY OF EVIDENCE.—To create a trust in favor of plaintiff in property purchased by defendant under oral agreement to take title and permit plaintiff to repurchase it, the evidence must be clear, satisfactory and convincing.

3. TRUSTS—SUFFICIENCY OF EVIDENCE.—Evidence *held* insufficient to establish a constructive trust.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

*Cravens & Cravens,* for appellant.

SMITH, J. Appellant filed a complaint against appellee, in which she alleged that, prior to the 19th day of September, 1924, she was the owner of a certain house and lot in the city of Fort Smith, upon which she had executed a mortgage to secure an indebtedness of $350 due by her to the Lyman Real Estate Company, hereinafter referred to as the company. This indebtedness matured, and was not paid, and the mortgagee had obtained a decree of foreclosure, pursuant to which the commissioner appointed by the court in the foreclosure proceeding sold the property on the date above named. The mortgagee was the purchaser at the commissioner's sale, and, after the sale had been confirmed and a commissioner's deed executed, conveyed the land to appellee, Mrs. Wegman. It was alleged that appellant had agreed with Mrs. Wegman that this should be done, and that the company had agreed that it would bid in the lot and, after obtaining the commissioner's deed, would convey to Mrs. Wegman, who would then convey to appellant, for the amount of the mortgage debt and interest and the costs of the foreclosure proceeding and sale, and that, pursuant to this agreement, the company conveyed to Mrs. Wegman. Thereafter appellant tendered to Mrs. Wegman the sum agreed upon, but Mrs. Wegman declined to accept the tender. There was a prayer that Mrs. Wegman be declared a trustee for the benefit of appellant, and that she be required to convey to appellant upon payment of the agreed amount of money. Appellant

offered testimony which supported the allegations of her complaint, and she was corroborated by Mr. Lyman, the president of the real estate company, who testified that it was agreed that, after purchasing the lot, the company would then convey the property to Mrs. Wegman and take a mortgage back from her to secure the purchase price, and that Mrs. Wegman would then convey to appellant.

In addition to this testimony, John Bennett, a witness for the appellant, testified that, before the sale, appellant came to him to have witness buy in the property for appellant, and he told her that he would do so if she could not procure some one else to buy it in. Witness did not have the money necessary to do so, but could have procured it, and would have done so, had appellant renewed her request.

Mrs. Wegman was given by the company what was called a payment book, in which payments were noted when made to the company. Mrs. Wegman turned this book over to appellant, who collected one or more month's rent on the property from the tenant who was in possession, and paid the same to the company.

Mrs. Wegman denied that she had told Lyman that she would buy the property for appellant, and testified that, on the morning of the foreclosure sale, she told appellant that she had better attend the sale and protect her interests. Witness did not attend the foreclosure sale, but, when she found that the mortgagee had purchased the property, she bought it for herself, because she thought it was worth more than she paid for it. She testified that she gave the payment book to appellant to collect the rent on the property. Appellant was a colored woman, and the property was located in a neighborhood occupied by colored people, and she paid appellant a commission to collect the rents and turn them over to the company, to be credited in the payment book as part payments on the purchase price secured by the mortgage.

Daisy Jones, a colored woman, testified that she was employed by Mrs. Wegman as a servant in her home, and

that, on the day the property was sold, she heard a conversation between appellant and Mrs. Wegman, in which Mrs. Wegman told appellant that she had better attend the sale and protect her interests, for the reason that she (Mrs. Wegman) was not going to buy the place for her, and if appellant did not buy it she would lose it forever.

The court below delivered a written opinion in the case, in which the testimony is reviewed, and a finding of fact was announced that Mrs. Wegman had bought the property from the company after the sale, "just as any other person would or could have done in her own right," and, upon this finding, the complaint was dismissed as being without equity.

For the reversal of this decree appellant relies upon the case of *Strasner* v. *Carroll,* 135 Ark. 34, 187 S. W. 1057, in which case it was said: "It is true the general rule is that a mere verbal agreement by which one of the parties thereto promises to buy in, at a judicial sale, lands of the other and hold the same for his benefit, does not create a resulting or implied trust, the agreement itself being within the statute of frauds. There are, however, several well recognized exceptions to the rule, and one of them is that where the purchaser of lands in which the other is interested becomes such under such a state of facts as would make it a fraud to permit him to hold on to his bargain. *Trapnall* v. *Brown,* 19 Ark. 39; *McNeil* v. *Gates,* 41 Ark. 264; *LaCotts* v. *LaCotts,* 109 Ark. 335, 159 S. W. 1111. In the first two mentioned cases the principle is announced that it would be a fraud in a purchaser, who obtained property at a price greatly below its value by means of a verbal agreement, to keep the property in violation of the agreement."

We have concluded, however, that, while appellant would be entitled to the relief prayed if the testimony was sufficiently certain to warrant it, the relief here prayed must be denied because the testimony does not measure up to the standard essential to grant such relief.

In the recent case of *Kavanaugh* v. *Morgan, ante* p. 11, it was said: "Appellant contends for the reversal of the decree because the evidence is not full, clear and convincing enough to have warranted the trial court in decreeing a trust *ex maleficio*. The requirements of the rule in such cases announced in *Tiller* v. *Henry,* 75 Ark. 446, and recently approved in *Eason* v. *Wheeler,* 167 Ark. 320, are as follows: 'Constructive trusts may be proved by parol, but parol evidence is received with great caution, and the courts uniformly require the evidence to establish such trusts to be clear and satisfactory.' Sometimes it is expressed that the 'evidence offered for this purpose must be of so positive a character as to leave no doubt of the fact,' and sometimes it is expressed as requiring the evidence to be 'full, clear and convincing,' and sometimes expressed as requiring it 'to be clearly established.' * * * Titles to real estate cannot be overturned by a bare preponderance of oral testimony seeking to establish a trust in opposition to written instruments. The conservatism of the courts has prevented the tenure of realty being based on such shifting sands."

It appears therefore that appellant would not be entitled to the relief prayed unless the showing had been made by testimony which was clear, satisfactory and convincing that Mrs. Wegman had agreed that she would take the title in her own name, with the understanding that appellant might repurchase the same, and that, because of this agreement and in reliance upon it, appellant did not make an arrangement which she otherwise would have made to protect her interests in the land. The court below found the facts against appellant's contention, and we are unable to say that appellant has sustained her contention by testimony which is clear, satisfactory and convincing, and for this reason the decree of the court below will be affirmed.